UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re: § | |
| § | |
| ARSHAM METAL INDUSTRIES, INC. § | CASE NO. 19-31268 |
| § | (Chapter 11) |
| Debtors. § | |

**MIDSOUTH VI, LLC'S OBJECTION TO EMERGENCY MOTION (1) TO INCUR POST PETITION INDEBTEDNESS UNDER 11 U.S.C. §636, §364(C) & (D), AND §105, (II) FOR INTERIM AUTHORITY TO USE CASH COLLATERAL AND (III) REQUEST FOR PRELIMINARY AND FINAL HEARINGS**

COMES NOW, Midsouth VI, LLC ("**Midsouth**") and files this its Objection to Debtor's Emergency Motion (1) to Incur Post Petition Indebtedness Under 11 U.S.C. §363, §364(c) & (d), and §105, (II) for Interim Authority to Use Cash Collateral and (III) Request for Preliminary and Final Hearings (the "**Motion**") and would show as follows:

1. Midsouth admits the allegations in paragraph 1 of the Motion.

2. Midsouth lacks sufficient knowledge to enable it to admit or deny the allegations in paragraph 2 of the Motion.

3. Midsouth admits the allegations in paragraphs 3-8 of the Motion.

4. Midsouth lacks sufficient knowledge to enable it to admit or deny the allegations in paragraphs 9-17 of the Motion.

5. Midsouth admits the allegations in paragraph 18 of the Motion.

6. Midsouth denies the allegations in paragraph 19 of the Motion.

7. Midsouth denies the allegations in paragraph 20 of the Motion.

8. Midsouth denies the allegations in paragraph 21 of the Motion.

9. Midsouth lacks sufficient knowledge to enable it to admit or deny the allegations in paragraph 22 of the Motion.

1

10. Midsouth lacks sufficient knowledge to enable it to admit or deny the allegations in paragraph 23 of the Motion.

11. Midsouth denies the allegations in paragraph 24 of the Motion.

12. Midsouth lacks sufficient knowledge to enable it to admit or deny the allegations in paragraph 25 of the Motion.

13. Midsouth lacks sufficient knowledge to enable it to admit or deny the allegations in paragraph 26 of the Motion.

14. Midsouth denies the allegations in paragraph 27 of the Motion.

15. Midsouth lacks sufficient knowledge to enable it to admit or deny the allegations in paragraph 28 of the Motion.

16. Midsouth denies the allegations in paragraph 29 of the Motion.

17. Midsouth lacks sufficient knowledge to enable it to admit or deny the allegations in paragraph 30-37 of the Motion.

18. In the summer of 2018, the Debtor valued its accounts at $270,857.00 and its inventory at $879,426.00. Comparing that to the alleged values in the Motion of $150,000.00 for accounts and $150,000.00 for inventory, the Debtor has lost $850,000.00 in the past three quarters. The Debtor needs to explain how the operations of the Debtor's business has deteriorated so dramatically in the past few months, and if it has, what the Debtor will do to prevent continued deterioration during the pendency of the Chapter 11.

19. Furthermore, Midsouth is a judgment creditor of the principals of the Debtor. As such, the Debtor needs to explain whether any of the principals are to guaranty the debt to the DIP Lender.

20. The terms of the DIP financing are unreasonable. The term is too short and the bid increments are too high. The Debtor has previously attempted to raise money and there needs to be an explanation of how an investment banker can help this Debtor. Pre-petition the Debtor engaged Stout Risius Ross LLC to no avail. What is the plan to consummate a sale within seven months?

21. Midsouth is a secured creditor and is believed to be a fully secured creditor of this Debtor. Midsouth's security interest in the Debtor's personal property continues post-judgment. Tex. Bus. and Comm. Code §9.601; *In re Gayle,* 189 B.R. 914, 916-17 (Bankr. S. D. Tex. 1995). As such, Midsouth is entitled to adequate protection and periodic interest payments.

WHEREFORE PREMISES CONSIDERED, Midsouth VI, LLC requests that the Court deny the Debtor's Motion and grant Midsouth VI, LLC such other and further relief as is just.

Respectfully submitted this 18th day of March, 2019.

        HIRSCH & WESTHEIMER, P.C.

        By: /s/ Michael J. Durrschmidt
            Michael J. Durrschmidt
            Texas Bar No. 06287650
            1415 Louisiana, Floor 36
            Houston, Texas 77002
            Telephone: 713-220-9165
            Facsimile: 713-223-9319
            E-mail: mdurrschmidt@hirschwest.com

        **ATTORNEY FOR MIDSOUTH VI, LLC**

20130557.20180532/3238107.1

## **CERTIFICATE OF SERVICE**

      I, Michael J. Durrschmidt, hereby certify that on the 18th day of March, 2019, a copy of the foregoing Objection was served via first class mail, postage prepaid, and/or via the Clerk of the Court through the ECF system to the parties listed below.

Vianey Garza
Hoover Slovacek LLP
Galleria II Tower
5051 Westheimer, Suite 1200
Houston, Texas 77056
garza@hooverslovacek.com

Edward L. Rothberg
Hoover Slovacek LLP
Galleria II Tower
5051 Westheimer, Suite 1200
Houston, TX 77056
rothberg@hooverslovacek.com

Melissa A Haselden
Hoover Slovacek LLP
Galleria II Tower
5051 Westheimer, Suite 1200
Houston, TX 77056
haselden@hooverslovacek.com

US Trustee
Office of the US Trustee
ATTN: Hector Duran
515 Rusk, Suite 3516
Houston, TX 77002

    /s/ Michael J. Durrschmidt
    Michael J. Durrschmidt