**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **ARSHAM METAL INDUSTRIES, INC.** | § | **Case No. 19-31268** |
| | § | |
| **Debtor** | § | |
| | § | |

**EMERGENCY MOTION FOR ORDER: (A) APPROVING SELECTION OF STALKING HORSE BIDDER AND BREAK-UP FEE; (B) APPROVING BIDDING PROCEDURES; (C) SETTING AN AUCTION; (D) APPROVING THE FORM AND MANNER OF THE NOTICE OF (I) AUCTION AND SALE HEARING, AND (II) PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND PROPOSED CURE COSTS RELATING THERETO; AND (E) SETTING SALE HEARING**
*(A Hearing On This Motion is Scheduled For April 10, 2019)*

---

NOTICE PURSUANT TO LOCAL RULE 9013-1

A HEARING ON THIS SALE PROCEDURES MOTION IS SCHEDULED ON APRIL 10, 2019 AT 9:30 P.M. BEFORE THE HONORABLE DAVID R. JONES, UNITED STATES COURTHOUSE, COURTROOM 400, 515 RUSK, HOUSTON, TEXAS 77002.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

---

TO THE HONORABLE DAVID R. JONES,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Arsham Metal Industries, Inc. ("**Arsham**"), debtor herein files this *Motion For Order: (A) Approving Selection of Stalking Horse Bidder and Break-Up Fee; (B) Approving Bidding Procedures; (C) Setting an Auction; (D) Approving The Form And Manner Of The Notice Of (i) Auction And Sale Hearing, And (ii) Proposed Assumption And Assignment Of Executory Contracts And Unexpired Leases And Proposed Cure Costs Relating Thereto; and (E) Setting Sale Hearing* (the "**Sale Procedures Motion**").[1]   A proposed order granting this Sale Procedures Motion is attached hereto.   In support of this Sale Procedures Motion, Arsham respectfully represents as follows:

<u>REASONS FOR EMERGENCY AND SUMMARY OF REQUESTED RELIEF</u>

1.       On March 27, 2019, the Court held a continued hearing on Arsham's use of cash collateral and final approval of debtor in possession financing during which it was announced that several parties were interested in purchasing Arsham's business as a going concern on an expedited basis.   Based on those representations, the Court set noon on April 5, 2019 as the deadline by which Arsham must file a motion to sell substantially all of its business.

2.       Arsham proposes an expedited sale process through which Arsham will determine the highest and best offer for its business and assets.   In furtherance of this process, Arsham requests that the Court:

> a.       Authorize it to enter into the Asset Purchase Agreement (the "**Stalking Horse APA**") with Icon Metal Solutions, LLC and/or is assignees ("**Icon**") as the attached as **Exhibit 1**;

---

[1] **Copies of the Motion and Proposed Order will be serviced by United States mail on all parties on Arsham's Full-Service List who do not receive ECF notification.   However, to reduce costs, such service *will not* include the Exhibits referenced herein.   Any party who would like electronic copies of the exhibits should contact Debtor's counsel at garza@hooverslovacek.com.**

b.  Approve the Bidding Procedures attached hereto as **Exhibit 2** (the "**Bidding Procedures**");

c.  Schedule an Auction in connection with the Sale of the Business for Monday, May 6, 2019 starting at 10:00 a.m to be held at the offices of Hoover Slovacek, LLP, Galleria Tower II, 5051 Westheimer Rd., Suite 1200, Houston, Texas 77056 and begin;

d.  Approve the form and manner of notice of the Auction attached as **Exhibit 3**;

e.  Approve the procedures for the assumption and assignment of any executory contracts or unexpired leases in connection with the Sale attached as **Exhibit 4.**

f.  Schedule a hearing to approve the Sale of the Business to the Successful Bidder on or shortly after Tuesday, May 7, 2019; and

g.  Waive the stay imposed by Bankruptcy Rule 6004(h) and authorize closing on the Sale to the Successful Bidder by no later than Friday, May 17, 2019.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over these cases pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(M), (N) & (O).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) and (2) because Arsham's principal place of business has been located in this district for more than 180 days preceding the filing of these bankruptcy cases.

5.      The statutory predicates for the relief sought herein are Sections 105, 363, and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND INFORMATION

6.      The above captioned Chapter 11 bankruptcy case was filed on March 4, 2019 ("**Petition Date**") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et sq.

(the "**Bankruptcy Code**").  Arsham continues to manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

7.      No trustee or examiner has been appointed in Arsham's bankruptcy case and no official committee of unsecured creditors has been established.

A.      **Arsham's Business**

8.      Arsham is a Texas corporation formed in 1993 which owns and operates a full-service scrap metal processing/recycling yard and secondary aluminum smelter located in northwest Houston, Harris County, Texas.   The Arsham family has operated its scrap metal business in the Houston area for over forty years.

9.      Arsham purchases all types of industrial and commercial non-ferrous and ferrous scrap metals and provides scrap recycling solutions for every type of customer's needs, from individual walk-in traffic and scrap peddlers, to industrial scrap accounts.

10.      Arsham's industrial facility is situated on a 4.36-acre site located at 11280 Charles Road, Houston, Texas ("**Property**").  The Property consists of three buildings which aggregate 34,200 square feet which are utilized in operations and house a baler, 2 furnaces, a de-ox cone maker and a tumbler for separating metals from slag. The company is permitted with the EPA and TCEQ to produce up to 36,000 tons of aluminum per year.

11.      As of the Petition Date, Arsham has assets valued in excess of $5 million dollars including real property with an appraised value of approximately $3 million and equipment valued at approximately $2 million.

12.      Liabilities included secured obligations owed to Community Bank, with an aggregate balance of approximately $1.6 million, secured by liens against substantially all of Arsham's assets including the Property.  MidSouth Bank is owed approximately $490,000 and is

secured by junior liens on Debtor's accounts.  The company also has vendor debt owed to more than of approximately $2.3 million, obligations owed to insiders of approximately $2 million, 941 payroll tax estimated at $300,000, and ad valorem and real property taxes of approximately $80,000.

**B.      Interest in Arsham's Business**

13.      On March 27, 2019, the Court held a continued hearing on Arsham's use of cash collateral.  At the hearing, Arsham's counsel announced that several parties were potentially interested in purchasing Arsham's business as a going concern on an expedited basis.  One such offer was from Icon who had submitted a letter of intent to purchase the Business for $2.9 million. Polymathes Capital also attended hearing, informed the court that it had visited the Business and expressed that it may have interest in the Business.  However, no formal offer has been received to date.  Arsham knows of other parties who may be interested in purchasing the Business and has been contacting them over the last week.

14.      At the conclusion of the hearing, the Court set noon on April 5, 2019 as the deadline by which Arsham must file a motion to sell substantially all of its business.

15.      Arsham has identified Icon's offer and the Stalking Horse APA as the current best and highest offer for the Business.

<u>TERMS OF STALKING HORSE APA</u>

16.      Through this Sale Procedures Motion, Arsham seeks to sell Business and assume and assign certain executory contracts and unexpired leases to the Icon.  A copy of the proposed Stalking Horse APA is attached hereto as **Exhibit 1** and incorporated herein by reference.  The key terms of the Stalking Horse APA area as follows:

        a.      Icon will pay $2.9 million in cash for the Business and all personal property assets of Arsham;

      b.    Icon will pay a deposit of $145,000 equal to 5% of the purchase price upon approval of the Stalking Horse APA;

      c.    The sale from Arsham to Icon must be free and clear of all liens, claims and encumbrances which any valid, perfected and existing liens claims and encumbrances attaching to the proceeds in their relative priority;

      d.    Icon may assume certain executory contracts, or leases of Arsham;

      e.    Closing must occur by May 17, 2019; and

      f.    If Icon is not chosen as the Successful Bidder, Icon will be due a break-up fee of $100,000[2] (the "**Break-Up Fee**") as an administrative expense of Arsham's estate.

17.    Arsham's entry into the Stalking Horse APA with Icon is intended maximize the value of the Business for Arsham's creditors. Arsham requests that the Court authorize it to enter into the Stalking Horse APA subject to better and higher offers made in accordance with the Bidding Procedures.

18.    Arsham also requests that the Court approve the payment of the Break-Up Fee as an administrative expense without the need for further Court order.

### THE BIDDING PROCEDURES, SALE NOTICE AND AUCTION

19.    The proposed Bidding Procedures attached as **Exhibit 2** permit a fair, efficient, competitive, and value-maximizing auction process for Arsham's business assets, consistent with expedited timeline set forth in the Stalking Horse APA. Arsham believes the Bidding Procedures will either confirm that the Stalking Horse APA Purchase Agreement is the best offer, or promptly identify the alternative bid that is higher or otherwise better.

20.    Under the circumstances, the Bidding Procedures will provide potential bidders with sufficient notice and time to conduct due diligence to submit bids in advance of the Auction.

---

[2] Icon has requested a break-up fee of $150,000 and the parties have not agreed on a final amount. The parties are continuing to negotiate and will supplement the motion as necessary.

The Stalking Horse APA does not provide any limitation on Arsham's ability to market its assets prior to the Auction.  Arsham believes the Stalking Horse APA combined with the Bidding Procedures provides a floor for the Business while encouraging others to make better and higher offers.

21.     The Bidding Procedures, attached as **Exhibit 2,** set forth the terms by which an interested party can submit a Qualified Bid to become a Qualified Bidder and attend the Auction for the Business.  For the avoidance of confusion Icon will be deemed a Qualified Bidder. Generally speaking, the Bidding Procedures state:

a.     that Arsham will serve the order approving the Sale Procedures Motion (the "**Bidding Procedures Order**"), the Sale Notice attached as **Exhibit 3**, and Cure Notice attached as **Exhibit 4**, as soon as practicable after entry of the Bidding Procedures Order;

b.     the availability of and access to due diligence information;

c.     the deadlines and requirements for submitting competing bids and the method and criteria by which such competing bids are deemed to be "Qualified Bids" sufficient to trigger the Auction and participate in the Auction;

d.     the manner in which Qualified Bids will be evaluated by Arsham to determine the starting bid for the Auction;

e.     the conditions for having the Auction and procedures for conducting the Auction, if any; and

f.     various other matters relating to the sale process generally, including the return of any good faith deposits, and certain reservations of rights.

22.     If Arsham receives any additional Qualified Bids, Arsham requests that the Court set an auction for the sale of the Business (the "**Auction**") on Monday, May 6, 2019 starting at 10:00 a.m.  The Auction will be held at the offices of Hoover Slovacek, LLP, Galleria Tower II, 5051 Westheimer Rd., Suite 1200, Houston, Texas 77056 and begin.  At the conclusion of the Auction, if any, Arsham will submit a notice to the Court identifying the highest and best offer for

the Business (the "**Successful Bidder**").  If the Auction is not held, Icon will be deemed the Successful Bidder.

23.     As soon as practicable after entry of the Bidding Procedures Order, Arsham will serve a copy the Sale Notice substantially in the form attached as **Exhibit 3** to all parties identified on its schedules as well as any party who within the last twelve (12) months has expressed an interested in purchasing Arsham's assets or Business.  Arsham requests that the form of sale notice be approved by this Court.

24.     Arsham requests that the Court set Tuesday, May 7, 2019 or such other day thereafter as is convenient for the Court to consider a sale to the Successful Bidder and Back-Up Bidder, if any (the "**Sale Hearing**").  At the Sale Hearing, Arsham will request that the Court waive the stay imposed by Bankruptcy Rule 6004(h) and authorize closing on the sale to the Successful Bidder by no later than Friday, May 17, 2019.

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE TRANSFERRED

25.     Sale of the Business may also include executory contracts and unexpired leases which, if requested, Arsham will assume and assign to the Successful Bidder pursuant to section 365 of the Bankruptcy Code.  By no later than April 22, 2019 Arsham will serve a copy of the Cure Notice, attached hereto as **Exhibit 4** (the "**Cure Notice**") on all non-Debtor parties to the executory contracts and unexpired leases which Arsham may assume and assign to the Successful Bidder.

26.     The Cure Notice will inform each such counterparty that the executory contracts and unexpired leases may be assumed by Arsham and assigned to Icon.  The Cure Notice will also identify the amounts, if any, that Arsham believes it owes to such contract or lease counterparty to cure defaults under each respective executory contract and unexpired lease (the "**Cure Amounts**").

The Cure Notice provides that any objection must set forth all specific defaults in any executory contract or unexpired lease and claim a specific monetary amount that differs from the amount (if any) specified by Arsham in the Cure Notice.

27.     If a non-debtor party to an executory contract or unexpired lease which Arsham intends to assume and assign to the Successful Bidder files an objection to the proposed assumption and assignment or to the proposed Cure Amount identified in the Cure Notice, the Court can determine the cure amount due, or otherwise resolve the objection.

<u>ARGUMENT AND AUTHORITIES</u>

**A.     The Bidding Procedures and Auction will Maximize Value to Arsham's Estate.**

28.     Pursuant to Section 363(b)(1), a Chapter 11 debtor-in-possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Courts have held that Section 363(b)(1) may be used to dispose of all or most of a Chapter 11 debtor's assets through the sale as a going concern or by liquidation. *In re Tex. Rangers Baseball Ptnrs*, 431 B.R. 707, 710 (Bankr. N.D. Tex. 2010); *In re Bombay Co.*, 2007 Bankr. LEXIS 3218, *6 (Bankr. N.D. Tex. Sept. 26, 2007).  The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See In re Integrated Res., Inc.*, 147 B.R. 650, 659 (S.D.N.Y. 1992) ("[I]t is a well-established principle of bankruptcy law that the objective of the bankruptcy rules and the trustee's duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (internal citations omitted).  To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy transactions. *See id.* (bidding procedures "are important tools to encourage bidding and to maximize the value of the debtor's assets").

Finally, in determining whether to grant a debtor's motion to use, sell, or lease property of the estate, the Court should grant the relief sought if the debtor is exercising sound business judgment. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 fn.10 (5th Cir. 1985); *In re Bombay Co.*, 2007 Bankr. LEXIS 3218 at *12.

29.     Given its current financial situation and after considering its options, Arsham believes the sale process set forth herein will maximize the value for its creditors.  This process includes both the Stalking Horse APA and the Bidding Procedures, which are designed to promote active bidding from seriously interested parties and to elicit the highest or otherwise best offers available for substantially all of Arsham's assets. Arsham believes the Bidding Procedures will allow it to solicit additional offers and conduct a sale in a controlled, fair, and open fashion that will encourage participation by financially capable bidders who will offer the best package for the assets and who can demonstrate the ability take on the assets, obligations, and liabilities being transferred.  In particular, the Bidding Procedures contemplate an open auction process with minimum barriers to entry and provide potential bidding parties with sufficient time to perform due diligence and acquire the information necessary to submit a timely and well-informed bid.

30.     Accordingly, Arsham believes it is appropriate for the Court to approve the Bidding Procedures.

**B.      The Form and Manner of the Sale Notice Should Be Approved.**

31.     Pursuant to Bankruptcy Rule 2002(a), Arsham is required to provide creditors with 21-days' notice of a hearing on the use, lease, or sale of its assets outside the ordinary course of business.  Bankruptcy Rule 2002(c) requires any such notice to include the time and place of the auction and the hearing and the deadline for filing any objections to the relief requested therein. As required under Bankruptcy Rule 2002(b), Arsham seeks approval of the Sale Notice as proper

notice of the Auction and Sale Hearing.  Arsham will serve this Sale Procedures Motion on all parties on its full-service list.  Arsham submits that service of this motion, coupled with service of the Sale Notice on the same parties and any party who has expressed an interest in the Business within the last twelve (12) months constitutes good and adequate notice of the Auction and Sale hearing and satisfies the requirements of Bankruptcy Rule 2002.

**C.      The Assumption and Assignment of Contracts, If Any, Should Be Approved.**

32.      As part of this Sale Procedure Motion, Arsham seeks authority to assign or transfer to the Successful Bidder unexpired executory contracts and leases the extent required by such bidder (the "**Assigned Contracts**").  Section 365 of the Bankruptcy Code authorizes a debtor to assume and/or assign its executory contracts and unexpired leases, subject to the approval of the court, provided that the defaults under such contracts and leases are cured and adequate assurance of future performance is provided.  A decision to assume or reject an executory contract or unexpired lease must only satisfy the "business judgment rule" and will not be subject to review unless such decision is clearly an unreasonable exercise of such judgment. *See, e.g., Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (applying a business judgment standard to debtor's determination to assume unexpired lease).

33.      Upon finding that a debtor has exercised its business judgment in determining that assuming an executory contract is in the best interest of its estate, courts must then evaluate whether the assumption meets the requirements of section 365(b) of the Bankruptcy Code, specifically that a debtor (a) cure, or provide adequate assurance of promptly curing, prepetition defaults in the executory contract, (b) compensate parties for pecuniary losses arising therefrom, and (c) provide adequate assurance of future performance thereunder. This section "attempts to strike a balance between two sometimes competing interests, the right of the contracting non-

debtor to get the performance it bargained for and the right of the debtor's creditors to get the benefit of the debtor's bargain." *In re Luce Indus., Inc.*, 8 B.R. 100, 107 (Bankr. S.D.N.Y. 1980). "The phrase 'adequate assurance of future performance', is to be given a practical, pragmatic construction based upon the facts and circumstances of each case." *In re U.L. Radio Corp.*, 19 B.R. 537, 542 (Bankr. S.D.N.Y. 1982). Although no single solution will satisfy every case, "the required assurance will fall considerably short of an absolute guarantee of performance." *In re Prime Motor Inns, Inc.*, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994).

34.     The Court should approve the decision to assume and assign any Assigned Contract because they are essential to inducing the highest or otherwise best offer for the Business. Arsham also believes that the process described in the Cure Notice will fairly resolve disputes over cure amounts or other defaults. If defaults exist that must be cured, such cure will be achieved fairly, efficiently, and properly, consistent with the Bankruptcy Code and with due respect to the rights of non-debtor parties.

35.     Finally, Arsham believes it can and will demonstrate that future performance of the Assigned Contracts by the Successful Bidder will be satisfied. As required by the Bidding Procedures, Arsham will evaluate the financial wherewithal of potential bidders before designating such party a Qualified Bidder or Successful Bidder (e.g., financial credibility, willingness, and ability of the interested party to perform under the Assigned Contracts), including as it relates to such Qualified Bidder's willingness, and ability to perform under the Assigned Contracts assigned to the Successful Bidder. Further, the Assumption and Assignment Procedures provide the Court and other interested parties ample opportunity to evaluate and, if necessary, challenge the ability of the Successful Bidder to provide adequate assurance of future performance and object to the assumption of the Assigned Contracts or proposed cure amounts. The Court therefore will have a

sufficient basis to authorize Arsham to reject or assume and assign the Assigned Contracts as set forth in the definitive agreement of the Successful Bidder.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

36.     To implement the foregoing successfully, Arsham requests that the Court enter an order finding that cause exists to waive the 14-day stay period under Bankruptcy Rule 6004(h) and allow closing to occur by no later than May 17, 2019.

## NOTICE

37.     Arsham is providing notice of this Sale Procedures Motion to: (a) the Office of the United States Trustee, and (b) Arsham's Full-Service List.

38.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Arsham respectfully request that the Court

a.     Authorize it to enter into the Stalking Horse APA attached as **Exhibit 1**;

b.     Approve the Bidding Procedures attached hereto as **Exhibit 2**;

c.     Schedule an Auction in connection with the Sale of the Business for Monday, May 6, 2019 starting at 10:00 a.m to be held at the offices of Hoover Slovacek, LLP, Galleria Tower II, 5051 Westheimer Rd., Suite 1200, Houston, Texas 77056 and begin;

d.     Approve the form and manner of notice of the Sale and Auction attached as **Exhibit 3**;

e.     Approve the procedures for the assumption and assignment of any executory contracts or unexpired leases in connection with the Sale attached as **Exhibit 4.**

f.     Schedule a hearing to approve the Sale of the Business to the Successful Bidder on or shortly after Tuesday, May 7, 2019; and

g.     Waive the stay imposed by Bankruptcy Rule 6004(h) and authorize closing on the Sale to the Successful Bidder by no later than Friday, May 17, 2019.

DATED:       April 8, 2019

Respectfully submitted,

HOOVER SLOVACEK LLP

By: */s/ Melissa A. Haselden*
MELISSA A. HASELDEN
State Bar No. 00794778
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile:  713.977.5395
haselden@hooverslovacek.com

**OF COUNSEL:**
HOOVER SLOVACEK LLP
Vianey Garza
State Bar No. 24083057
garza@hooverslovacek.com
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile:  713.977.5395

*Attorneys for Debtor-in-Possession*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on April 8, 2019 copy of the foregoing *Emergency Motion For Order: (A) Approving Selection of Stalking Horse Bidder and Break-Up Fee; (B) Approving Bidding Procedures; (C) Setting an Auction; (D) Approving The Form And Manner Of The Notice Of (i) Auction And Sale Hearing, And (ii) Proposed Assumption And Assignment Of Executory Contracts And Unexpired Leases And Proposed Cure Costs Relating Thereto; and (E) Setting Sale Hearing* was served on all parties identified below through the Court's ECF system.  A supplemental declaration showing service on all other parties by United States Mail will be filed.  Such service will be without exhibits.  Copies of the exhibits referenced in the Sale Procedures Motion may be obtained by contacting Debtor's counsel at garza@hooverslovacek.com.

James W Brewer on behalf of Creditor W. Silver Recycling, Inc.
jbrewer@kempsmith.com, tschoemer@kempsmith.com

John P Dillman on behalf of Creditor Cypress-Fairbanks ISD
Houston_bankruptcy@publicans.com

John P Dillman on behalf of Creditor Harris County
Houston_bankruptcy@publicans.com

Carl Dore, Jr on behalf of Creditor Dore Law Group, P.C.
carl@dorelawgroup.net, bbollman@dorelawgroup.net

Hector Duran, Jr on behalf of U.S. Trustee US Trustee
Hector.Duran.Jr@usdoj.gov

Michael J Durrschmidt on behalf of Creditor Midsouth VI, LLC
mdurrschmidt@hirschwest.com, mmoreno@hirschwest.com

Vianey Garza on behalf of Debtor Arsham Metal Industries, Inc.
garza@hooverslovacek.com, doucet@hooverslovacek.com;vgarza@ecf.courtdrive.com

Albert M Gutierrez on behalf of Creditor Wilkinson Gary Iron & Metal, Inc.
agutierrez@personwhitworth.com, cmacdiarmid@personwhitworth.com

Melissa Anne Haselden on behalf of Debtor Arsham Metal Industries, Inc.
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com,bankruptcy1@hooverslovacek.com,andis@hooverslovacek.co
m,andis@ecf.courtdrive.com;haselden@ecf.courtdrive.com

John P Melko on behalf of Interested Party AMI Capital Partners, LLC
jmelko@foley.com, ggattis@foley.com;swilson@foley.com;rdiep@foley.com

Michael Kevin Riordan on behalf of Interested Party AMI Capital Partners, LLC
mriordan@foley.com, ggattis@foley.com;rdiep@foley.com

Edward L Rothberg on behalf of Debtor Arsham Metal Industries, Inc.
rothberg@hooverslovacek.com, ELRbankruptcy@gmail.com,hsllpbankruptcy@gmail.com,

Misty A Segura on behalf of Creditor OMI Refractories, LLC dba Bisco Refractories
msegura@cokinoslaw.com, cpower@cokinoslaw.com;mfitzwater@cokinoslaw.com

Michael J Smith on behalf of Creditor CommunityBank of Texas, N.A.
msmith@csrslaw.com

John Mark Stern on behalf of Creditor Texas Comptroller of Public Accounts
bk-jstern@oag.texas.gov, sherri.simpson@oag.texas.gov

Jeffrey Dale Stewart on behalf of Creditor Danann, Ltd. d/b/a Black Rose Steel & Trading
jstewart@wellscuellar.com

Donald L Turbyfill on behalf of Creditor Ford Motor Credit Company LLC
dturbyfill@dntlaw.com, ardell@dntlaw.com;jody@dntlaw.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

*/s/ Melissa A. Haselden*
MELISSA A. HASELDEN

**EXHIBIT 1**

**ASSET PURCHASE AGREEMENT OF**
**ICON METAL SOLUTIONS LLC**
**(*TO BE SUPPLEMENTED BY NOON ON APRIL 9, 2019*)**

**<u>EXHIBIT 2</u>**

**BIDDING PROCEDURES FOR THE SALE OF
ARSHAM METAL INDUSTRIES, LLC'S BUSINESS
(*TO BE SUPPLEMENTED BY NOON ON APRIL 9, 2019*)**

## **EXHIBIT 3**

## **NOTICE OF AUCTION AND SALE OF ASSETS**
## (*TO BE SUPPLEMENTED BY NOON ON APRIL 9, 2019*)

## EXHIBIT 4

**NOTICE OF (I) REQUEST FOR AUTHORITY TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (II) PROPOSED CURE AMOUNTS (*TO BE SUPPLEMENTED BY NOON ON APRIL 9, 2019*)**