IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ARSHAM METAL INDUSTRIES, INC. | § | CASE NO. 19-31268 |
| | § | (Chapter 11) |
| DEBTOR | § | |

**RESPONSE OF 11280 CHARLES ROAD, LP TO DEBTOR'S MOTION TO DETERMINE SECURED AND ADMINISTRATIVE CLAIMS; AND REQUEST OF 11280 CHARLES ROAD, LP FOR THE RETURN OF $105,000.00**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now, 11280 Charles Road, LP, Respondent herein (the "Respondent") and files this Response to the Motion to Determine Secured and Administrative Claims (the "Motion") filed by Arsham Metal Industries, Inc., the Debtor (the "Debtor"); and Request of 11280 Charles Road, LP for the return of $105,000.00; and in support thereof, would respectfully show this Court as follows:

1. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

2. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

3. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 3 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

4. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of Debtor's Complaint. Therefore, for pleading purposes, those

allegations are denied.

5. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

6. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

7. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

8. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

9. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 9 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

10. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 10 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

11. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

12. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

13. Respondent admits the allegations contained in Paragraph 13 of Debtor's Motion.

14. Respondent admits the allegations contained in Paragraph 14 of Debtor's Motion.

15. Respondent admits the allegations contained in Paragraph 15 of Debtor's Motion. For further answer, the Debtor at closing, misrepresented the value of the inventory that was purchased. Such that, by the Debtor's own QuickBooks system, 11280 Charles Road, LP was overcharged and thereby overpaid the Debtor $105,000. When the overcharge was discovered post-closing, 11280 Charles Road, LP demanded the return of its $105,000 overpayment. Thus far, the Debtor has withheld 11280 Charles Road, LP's reimbursement.

16. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

17. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 17 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

18. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 18 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

19. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 19 of Debtor's Complaint. Therefore, for pleading purposes, those

allegations are denied.

20. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 20 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

21. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 21 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

22. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 22 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

23. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 23 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

24. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 24 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

25. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 25 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

26. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 26 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

27. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 27 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

28. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 28 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

29. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 29 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

30. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 30 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

31. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 31 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

32. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 32 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

33. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 33 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

34. Respondent is without sufficient information to either admit or deny the allegations

contained in Paragraph 34 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

35. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 35 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

36. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 36 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

37. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 37 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

38. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 38 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

39. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 39 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

40. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 40 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

41. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 41 of Debtor's Complaint. Therefore, for pleading purposes, those

allegations are denied.

42. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 42 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

43. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 43 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

44. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 44 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

45. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 45 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

46. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 46 of Debtor's Complaint. Therefore, for pleading purposes, those allegations are denied.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the Court set a hearing on Debtor's Motion; that after hearing the Court grant all relief requested by Respondent; and for such other and further relief to which Respondent may be justly entitled.

Dated: June 28, 2019

Respectfully submitted,

FUQUA & ASSOCIATES, PC

BY: */s/ Richard L. Fuqua*
Richard L. Fuqua
State Bar No. 07552300
5005 Riverway, Suite 250
Houston, TX 77056
(713) 960-0277
(713) 960-1064 facsimile
rlfuqua@fuqualegal.com
COUNSEL FOR RESPONDENT,
11280 CHARLES ROAD, LP

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with Melissa A. Haselden, counsel for the Debtor, in a good faith attempt to resolve the dispute which is the subject of Debtor's Motion. At this time, settlement is not possible, therefore, a hearing will be required.

*/s/ Richard L. Fuqua*
Richard L. Fuqua

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was forwarded by ECF on June 28, 2019 to the parties listed below and by ECF to all parties eligible to receive notice via the Court's ECF system.

Melissa A. Haselden
Hoover Slovacek LLP
5051 Westheimer, Suite 1200
Houston, TX 77056

Hector Duran, Jr.
Office of the US Trustee
515 Rusk, Suite 3516
Houston, TX 77002

*/s/ Richard L. Fuqua*
Richard L. Fuqua